UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL NELSON,<br><br>  Plaintiff,<br><br>vs.<br><br>EXCLUSIVE LANDSCAPE SERVICES, INC., and BARY HOOPENGARDNER, individually, and BARBARA HOOPENGARDNER, individually,<br><br>  Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff DANIEL NELSON ("Plaintiff" or "Nelson"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendant EXCLUSIVE LANDSCAPE SERVICES, INC., ("Defendant" or "Exclusive"), BARRY HOOPENGARDNER, individually, and BARBARA HOOPENGARDNER, individually, (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.  Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – non-exempt laborer who suffered damages for damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt landscaping duties for the Defendants throughout New Jersey with a principal place of business in Toms River, Ocean County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, Exclusive, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant operates a landscaping company. Defendants provide these services for patrons located in New Jersey.

8. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

**PARTIES**

9. Plaintiff Nelson is an adult individual who is a resident of Ocean County, New York.

10. Plaintiff Nelson was employed by Defendants full time as a non-exempt laborer, from in or about March 2016, through in or about June, 2017.

11. Upon information and belief, the Defendant, Exclusive, is headquartered in Toms River, Ocean County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant Exclusive, employs individuals to perform labor services on behalf of the Defendants.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant Exclusive was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

15. Upon information and belief, Defendant Barry Hoopengardner, is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Barry Hoopengardner has been an owner, partner, officer and/or manager of the Defendant Exclusive.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Barry Hoopengardner has had power over personnel decisions at the Defendant Exclusive, business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Barbara Hoopengardner has been an owner, partner, officer and/or manager of the Defendant Exclusive.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Barbara Hoopengardner has had power over personnel decisions at the Defendant Exclusive, business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

20. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all overtime hours he worked in a work week.

21. Plaintiff Nelson was paid approximately $12.00 per hour in 2016, and then $16.00 per hour in 2017.

22. Plaintiff Nelson routinely worked five (5) days per week.

23. Plaintiff Nelson regularly worked approximately forty-two (42) to forty-five (45) hours per week.

24. Upon information and belief, Defendants paid Plaintiff straight time for all overtime hours worked in each work week.

25. Upon information and belief, employees similarly situated to Plaintiff were also compensated similarly to Plaintiff, improperly.

26. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

27. At all times material hereto, Plaintiff and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendants.

28.     This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

29.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

30.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

31.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

32.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after September 22, 2014.

33.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

34.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 33 above.

35. Plaintiffs are entitled to be paid additional compensation for each overtime hour worked per work week.

36. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime hours worked in a work week.

37. All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

38. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

39. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

### COUNT II
### RECOVERY OF OVERTIME WAGES
### PURSUANT TO THE NJWHL

40. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 39 above.

41. Defendants' aforementioned conduct is in violation of the NJWHL.

42. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

### JURY TRIAL

43. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, DANIEL NELSON, and those similarly situated employees, demand judgment, against Defendants EXCLUSIVE LANDSCAPE SERVICES, INC., BARRY HOOPENGARDNER, individually, and BARBARA HOOPENGARDNER, individually, for the

payment of compensation for all hours due them and overtime hours due them, for the lunch hours worked by them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: September 22, 2017                    Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*
